UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIMOTHY ZORIO, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION L.L.C; EQUIFAX INFORMATION SERVICES, L.L.C; CHASE HOME LENDING, a subsidiary of JP MORGAN CHASE, N.A.; SETERUS, INC., formerly known as IBM LENDER BUSINESS PROCESS SERVICES, INC.,<br><br>    Defendants. | Case No.: 5:12-cv-00498-LHK<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

On January 31, 2012, Plaintiff Timothy Zorio ("Plaintiff") filed this action against Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union L.L.C. ("Trans Union"), Equifax Information Services, L.L.C ("Equifax"), JP Morgan Chase Bank, N.A. ("Chase")[1], and Seterus, Inc. ("Seterus"). The Complaint includes four claims: Failure to Establish Proper Procedures under the Fair Credit Reporting Act ("FCRA"), Failure to Reinvestigate under the FCRA, and two separate claims of Failure to Respond to a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"). *See* ECF No. 1 ("Complaint"). Three of the Defendants – Trans Union, Experian, and Equifax – filed answers. ECF Nos. 19, 21,

---

[1] Plaintiff erroneously named Chase Home Lending, a subsidiary of JPMorgan Chase Bank, N.A., as a defendant. JPMorgan Chase Bank, N.A. has instead responded to the Complaint, and the party will be referred to as "Chase" in this Order.

1

Case No. 5:12-CV-00498-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

and 42.[2] Seterus and Chase moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. ECF Nos. 14 ("Seterus MTD"), 30 ("Chase MTD"). Plaintiff filed oppositions to each of the two motions, ECF Nos. 24 ("Opp'n to Chase MTD"), 31 ("Opp'n to Seterus MTD"), and Chase filed a reply, ECF No. 33 ("Chase Reply").[3] Having reviewed the parties' pleadings, the Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing on these motions is VACATED. However, the Case Management Conference remains as set on October 4, 2012 at 1:30 p.m. For the reasons discussed below, the Court GRANTS Defendants' motions to dismiss with leave to amend, and therefore, DENIES Seterus's motion in the alternative for a more definite statement as moot.

**I. Background**

In August, 2007, Plaintiff obtained a mortgage loan secured by a deed of trust from Suntrust Mortgage, Inc. to purchase a home. Compl. ¶ 17. The loan was then assigned to Chase, and Chase serviced the loan. *Id.* at ¶¶ 17-18. Then in December 2010, Chase transferred the loan to Seterus, and Seterus serviced the loan. *Id.* at ¶¶ 21-22.

Plaintiff was apparently unable to make the required payments on the loan, and in January 2011, Chase completed a non-judicial foreclosure sale of Plaintiff's home. Compl. ¶ 37; Opp'n to Seterus MTD at 2. After the foreclosure, Plaintiff realized that Experian, Trans Union, and Equifax (collectively "Consumer Reporting Agencies" or "Defendant CRAs") included inaccurate information from Plaintiff's former creditors, Chase and Seterus, in his credit report. Compl. ¶ 25. When Plaintiff discovered these errors, he sent letters to all three Defendant CRAs on or about August 19, 2011. *Id.* at ¶ 29. Plaintiff alleges that the Defendant CRAs forwarded notice of the errors to Seterus and Chase, but none of the five Defendants corrected the errors. *Id.* at ¶¶ 30-33.

---

[2] Two of these Defendants have been dismissed: Trans Union on June 11, 2012, ECF No. 49, and Experian on September 27, 2012, ECF No. 56.
[3] Seterus filed a Reply on September 27, 2012. ECF No. 55. However, Civil Local Rule 7-3 requires that "[t]he reply to an opposition must be filed and served not more than 7 days after the opposition was due." The Opposition to this Motion was due on March 16, 2012, thus the Reply was due on March 22, 2012. Accordingly, Seterus's Reply is untimely, and the Court will not consider it.

On November 5, 2011, Plaintiff sent letters labeled "Qualified Written Requests" to Seterus and Chase. *Id.* at ¶ 34. Plaintiff alleges that the letters "request[ed] the identity of all parties with an interest in the mortgage and an accounting of all payments and credits, among other information, in order to verify the information Seterus and Chase is reporting to the CRAs." *Id.* Plaintiff received confirmation from Chase that Chase had received the letter on November 7, 2011. *Id.* at ¶ 34. Ten days later, Chase sent what Plaintiff describes as "an incomplete and partial response" from Chase, but Plaintiff did not receive the letter until January, 2012, because it was mailed to the Subject Property, and not to Plaintiff's current address. *Id.* at ¶¶ 35-37. Plaintiff received no response at all from Seterus. *Id.* at ¶ 39. Plaintiff then filed this action on January 31, 2012. ECF No. 1.

**II. Legal Standard**

A motion to dismiss for failure to state a claim under Rule 12(b) (6) tests the legal sufficiency of a complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001). In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662. However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.,* 536 F.3d 1049, 1055 (9th Cir.2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000). A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [and] futility of

3

amendment.'" *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 892-93 (9th Cir.2010) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *see also Abagninin v. AMVAC Chem. Corp.,* 545 F.3d 733, 742 (9th Cir.2008) (repeated failure to cure deficiencies by previous amendment sufficient to deny leave to amend).

**III. Discussion**

The Complaint does not clearly specify which claims are against which Defendants. It appears that the third and fourth claims, for Failure to Respond to a QWR under RESPA, are the only causes of action directed at Seterus and Chase. Claims one and two only refer to the Defendant CRAs, while claim three only refers to Seterus and claim four only refers to Chase. Compl. ¶¶ 40-58. To the extent that Plaintiff intends to assert the FCRA claims against Seterus and Chase, Plaintiff has made no allegations whatsoever to support such claims. Accordingly, Defendants' motions to dismiss any FCRA claims against them are GRANTED. These deficiencies could be cured by the allegation of additional facts. Accordingly, this dismissal is with leave to amend.

In his third and fourth claims for relief, Plaintiff alleges that Seterus and Chase, respectively, violated RESPA (12 U.S.C. § 2605)) when they failed to respond adequately to a QWR sent to them by Plaintiff in November 2011.[4] RESPA provides that, upon receiving a qualified written request from a borrower, a loan servicer must send notice of receipt of said request and take certain actions within a prescribed amount of time. *See* 12 U.S.C. §§ 2605(e)(1)(A) and (e)(2). Seterus and Chase contend that Plaintiff has failed to state a RESPA claim with respect to the November 5, 2011 alleged QWR. Seterus contends that Plaintiff has not alleged that Seterus is the "servicer" of loan. Seterus Opp'n at 3. Chase contends that Plaintiff has not alleged what information "relevant to an account error in servicing the account" Plaintiff sought in the letter. Chase Opp'n at 4. Both Seterus and Chase argue that even if the letter is a

---

[4] Plaintiff also suggests that this failure violates the Truth in Lending Act (TILA). However, Plaintiff's claims are labeled and pled only as violations of RESPA, *see* Compl. at 8-9, and Plaintiff has made no allegations to support a separate TILA claim. Accordingly, to the extent that Plaintiff also intends to allege violations of TILA, Defendants' motions to dismiss are GRANTED. Because the problem is with pleading, and not necessarily with legal theory, Plaintiff may amend his Complaint to properly plead his TILA claims.

4
Case No. 5:12-CV-00498-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

QWR, Plaintiff failed to allege any actual damages arising from Defendants' failure to respond. Seterus Opp'n at 5; Chase Opp'n at 4. The Court addresses each of these reasons in turn.

### 1. Loan Servicer under RESPA

Seterus argues that the motion to dismiss should be granted without leave to amend because Plaintiff has not pled that Seterus was a loan servicer at the time the QWR was sent. Seterus MTD at 3-5. RESPA defines "servicer" as "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2). Under RESPA, only a loan servicer has a duty to respond to a QWR. 12 U.S.C. § 2605(e). Therefore, to state a claim based on a failure to respond to a QWR, Plaintiff must also allege that Defendant was a loan servicer. *See Castaneda v. Saxon Mortg. Servs.*, 687 F.Supp.2d 1191, 1199 (E.D. Cal. 2009).

Seterus argues that because the QWR was made after the non-judicial foreclosure sale of the Subject Property to Fannie Mae, it was in fact no longer a loan servicer at the time the request was made, and so was not required to respond to the QWR. Seterus MTD at 3-4. Seterus further contends that it did not have to respond to the QWR because a loan servicer is defined by RESPA as "servicing" and "receiving" payments, and Plaintiff's obligation to make payments was extinguished by the foreclosure, thus it was no longer "servicing" or "receiving" payments at the time the QWR was made. *See id.* at 5.

However, whether Seterus actually was a loan servicer at the relevant time is a factual question inappropriate for resolution on a Motion to Dismiss. At this stage, the Court must take all facts alleged in the Complaint as true. Plaintiff has alleged that "Seterus serviced the Mortgage," which, when taken as true, could subject Seterus to RESPA's QWR requirements. Compl. ¶22. Accordingly, the Court does not find that Plaintiff has failed to allege that Seterus was a loan servicer, and thus required to respond to a QWR.[5]

### 2. Qualified Written Request Letter

---

[5] Chase has not argued that the Complaint fails to allege that Chase was a loan servicer, and thus required to respond. But in any event, the Complaint specifically alleges that "the Mortgage was ultimately serviced by Chase Home Lending." Compl. ¶ 18.

5
Case No. 5:12-CV-00498-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Chase argues that the motion to dismiss should be granted for failure to "allege facts to support that [Plaintiff] sent a QWR." Chase MTD at 4. To constitute a QWR, the written correspondence must meet certain requirements. First, it has to request "information relating to the servicing" of his loan. 12 U.S.C. § 2605(e)(1)(A). RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan ... and making the payments of principal and interest ... with respect to the amounts received from the borrower ...." 12 U.S.C. § 2605(i)(3). Second, the letter must include sufficient information to allow the loan servicer to identify the borrower's name and account. 12 U.S.C. § 2605(e)(1)(B)(I). Third, the letter must "include[ ] a statement of the reasons for the belief of the borrower ... that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii).

Plaintiff alleges facts that satisfy the requirement that the request be for information about loan servicing by stating that the letter requested an "accounting of all payments and credits." *See id.* A request for an accounting clearly seeks information about servicing as defined in RESPA. Chase offers no arguments as to why that request would not satisfy § 2605(e)(1)(A). *See* Chase MTD at 4. Therefore, the Court finds that Plaintiff has sufficiently alleged that the requested information relates to "servicing" of Plaintiff's loan as required by the statute. *See* 12 U.S.C. § 2605(i)(3).

Plaintiff also alleges facts that satisfy the requirement that the request contain enough information to allow the servicer to identify the relevant customer and account. Plaintiff does not specifically state an allegation that the letter contained information allowing the servicers to identify him and his account, but Plaintiff does allege that he received acknowledgement of his request from Chase. *See* Compl. ¶¶ 35, 37. Because Chase did in fact identify Plaintiff and his account, it can be inferred that Plaintiff provided sufficient information to satisfy the requirement that the letter contain enough information to allow the servicer to identify the relevant customer and account.

Plaintiff's Complaint fails, however, to allege facts that satisfy 12 U.S.C. § 2605(e)(1)(B)(ii)'s requirements that a QWR "include[ ] a statement of the reasons for the belief of

6

Case No. 5:12-CV-00498-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

the borrower ... that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." The Complaint does not allege that the letter conveyed Plaintiff's belief that the account was in error. Plaintiff alleges only that the letter requested "the identity of all parties with an interest in the Mortgage and an accounting of all payments and credits, among other information, in order to verify the information Seterus and Chase is reporting to the CRA's." *See* Compl. ¶ 34. There is no mention of any suspected error in the account, let alone Plaintiff's reasons for believing such an error exists. Further, a QWR must provide "sufficient detail" concerning the information sought. Plaintiff has not alleged that he made any request with any detail, but rather that he made a very broad, open-ended request. Simply labeling a letter a "Qualified Written Request" does not make it so. To survive a motion to dismiss, Plaintiff would need to allege with greater specificity that he sent a letter meeting the requirements for a QWR.

The Court finds that Plaintiff has not alleged facts sufficient to state a claim for failure to respond to a QWR in violation of RESPA. However, because the pleading could be cured by allegation of more facts regarding the contents of the alleged QWR, the Court GRANTS Chase's motion to dismiss with leave to amend. *See Lopez*, 203 F.3d at 1130.

### 3. Actual Damages

Seterus and Chase both argue that their motions to dismiss should be granted because Plaintiff fails to allege actual injury. *See* Seterus MTD at 5; Chase MTD at 4. "In order to survive a motion to dismiss a claim under [RESPA] section 2605, the plaintiff must allege actual harm." *Valle v. JP Morgan Chase Bank, N.A.*, 11-CV-2453-MMA, 2012 WL 1205635, at *6 (S.D. Cal. Apr. 11, 2012); *see also Teaupa v. U.S. Nat. Bank N.A.*, CIV. 10-00727 JMS, 2011 WL 6749813, at *11 (D. Haw. Dec. 22, 2011) (noting that complaint fails to state a RESPA claim where it "fails to allege any actual damages resulting from a failure to notify Plaintiffs of the transfer of servicing"); *Singh v. Wash. Mut. Bank*, 09-CV-2771-MMC, 2009 WL 2588885, at *5 (N.D. Cal. Aug. 19, 2009) (same).

While Plaintiff alleges that Defendant CRAs' conduct caused him to suffer damages, Compl. ¶¶ 42, 47, Plaintiff fails to similarly plead that Seterus's or Chase's failure to reply to

7
Case No. 5:12-CV-00498-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Plaintiff's letter caused him any damage at all. *See* Compl. ¶¶ 50-58. Plaintiff simply makes no allegations whatsoever on this score. As Plaintiff has not pleaded sufficient facts to entitle him to relief under RESPA, Seterus's and Chase's motions to dismiss are GRANTED. Because this deficiency could be cured by the pleading of additional facts, the dismissal is with leave to amend.

### IV. Conclusion

For all the foregoing reasons, Seterus's and Chase's motions to dismiss the Complaint are GRANTED with leave to amend. An amended Complaint, if any, must be filed within 21 days of the date of this Order. Plaintiff may not add new claims[6] or parties without seeking the opposing parties' consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15. Failure to cure the deficiencies identified herein or to timely file an amended Complaint will result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated: October 1, 2012

_____
LUCY H. KOH
United States District Judge

---

[6] As it appears that Plaintiff intended to allege TILA violations in his original Complaint, TILA claims will not be considered new claims, and may be included in an amended complaint.

8
Case No. 5:12-CV-00498-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS