**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

13

14

15

16

17

| | |
|---|---|
| TIMOTHY ZORIO,<br><br>                 Plaintiff,<br>    v.<br><br>SETERUS, INC.,<br><br>                 Defendant. | Case No.: 12-498 PSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**(Re: Docket No. 71)** |

18

19

20

21

22

23

24

25

After reassignment of this case to the undersigned, and the filing of a first amended complaint by Plaintiff Timothy Zorio ("Zorio"), the lone Defendant remaining in this case – Seterus, Inc. ("Seterus") – again moves to dismiss. Zorio opposes, and the parties both appeared for a hearing on the pending motion. Having considered the oral and written arguments presented, the court is persuaded that Zorio has failed to state a claim against Seterus upon which relief may be granted. As explained below, Seterus' motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

26

27

28

1

Case No.: 12-0498 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The background of this case and the legal standards applicable under Fed. R. Civ. P. 12(b)(6) are well-known to the parties; others may consult the October 1 order of Judge Koh addressing Defendants' prior motion to dismiss.[1]  The court thus provides here only a brief recount of Zorio's amended allegations.  Zorio's claim against Seterus is straightforward.  Zorio charges that Seterus violated its duty as a service provider under the Real Estate Settlement Procedures Act ("RESPA") to respond to his November 5, 2011 Qualified Written Request ("QWR").  As Judge Koh previously recounted, to constitute a QWR, the written request must, among other things, "include[] a statement of the reasons for the belief of the borrower . . .  that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower."[2]

Seterus' key challenges to the first amended complaint may be summarized as follows:  (1) because Zorio's loan was foreclosed upon in January 2011, Zorio insufficiently alleges that Seterus was a "loan servicer" obligated to respond to any QWR; (2) Zorio insufficiently alleges that his November 5, 2011 was a QWR because it did not convey any belief by Zorio that his account was in error; and (3) by relying on the costs he incurred to repair his credit, Zorio insufficiently alleges that he suffered damages from Seterus' failure to respond.

The court finds strong appeal in Seterus' first challenge; how could it be called a servicer in November 2011 when the loan it supposedly serviced was extinguished by foreclosure ten months earlier?  But in light of Judge Koh's previous holding that Zorio's identical, relevant allegations in the original complaint regarding Seterus' status as a loan servicer passed muster under Rule 12(b)(6), and the failure of either party to cite to the undersigned any case specifically addressing this issue, the court focuses on the latter two of Seterus' challenges.

With respect to the Zorio's statements in his alleged QWR about error in his account, Judge Koh previously addressed the undisputed fact that there is "no mention of any suspected error in

---

[1] *See* Docket No. 58.

[2] 12 U.S.C. § 2605(e)(1)(B)(ii).

2

Case No.: 12-0498 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

the account, let alone Plaintiff's reasons for believing such an error exists."[3]   Judge Koh also noted that "Plaintiff has not alleged that he made any request with any detail, but rather that he made a very broad, open-ended request.  Simply labeling a letter a 'Qualified Written Response' does not make it so."[4]   After carefully reviewing the first amended complaint, nothing appears to have been added to address these deficiencies.  Zorio nevertheless did include "sufficient detail to the servicer regarding other information sought by the borrower," such as the "necessary glossary or summary of account codes," and the requirements to qualify a communication as a QWR are written "in the disjunctive."[5]   This would appear enough for Zorio to meet his pleading obligations on this issue.

Zorio is not so fortunate in pleading damages.  Again, as Judge Koh noted, "[i]n order to survive a motion to dismiss under [RESPA] section 2605, the plaintiff must allege actual harm."[6] The most Zorio can point to in his amended complaint is his allegation that his failure to receive information from Seterus "caused him to incur costs in repairing his credit."[7]  But this district and others have consistently rejected the argument that credit repair costs alone can suffice as a sufficient harm giving rise to a Section 2605 claim.[8]  The reason is that actual harm must have

---

[3] Docket No. 58.

[4] *Id.*

[5] *Luciw v. Bank of America*, Case No. 10-2779, 2010 WL 3958715, at *3 (N.D. Cal. Oct. 7, 2010).

[6] *See* Docket No. 58 at 7 (citing *Valle v. JP Morgan Chase Bank, N.A.*, Case No. 11-2453, 2012 WL 1205635, at *6 (S.D. Cal. Apr. 11, 2012)).

[7] *See* Docket No. 73 at 7.

[8] *See, e.g., Tamburri v. SunTrust Mortgage Co.,* 875 F. Supp. 2d 1009, 1015 (N.D. Cal. 2012) (dismissing plaintiff's RESPA claim because plaintiff did not allege "harm that derives from any failure to respond to the QWRs, rather than from her own default or from disputes over the loan's ownership or validity"); *Orozco v. Experian Information Solutions,* Case No. 12-cv-00955-MCE-KJN, 2012 WL 6720556, at *4 (E.D. Cal. Dec. 26, 2012) ("[W]ithout more, allegations of fees assessed, negative credit reporting, and emotional distress are insufficient to state a claim for failure to respond to a QWR under RESPA.") (citation omitted); *Brothers v. Bank of America, N.A.,* Case No. 12-cv-3121 EJD, 2012 WL 4471590, at *3 (N.D. Cal. Sept. 26, 2012) (dismissing a RESPA claim where the alleged damages did "not flow from any lack of response to the QWR," but were "a result of Plaintiff's failure to make loan payments").

3

Case No.: 12-0498 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

occurred "as a result" of a failure to respond.[9]  After a default, notice of sale, and indeed actual foreclosure, it cannot be said to plausible that any credit repair costs Zorio incurred resulted from inaction by Seterus.

Given the multiple previous opportunities provided to Zorio to plead a sufficient Section 2605 claim, and the absence of any suggestion that a further pleading would set forth any actual harm to Zorio that resulted from Seterus' failure to respond, leave to amend yet again is not warranted.

**IT IS SO ORDERED.**

Dated:  May 20, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[9] *See Rey v. OneWest Bank, FSB*, Case No. 12-2078 MCE GGH, 2013 WL 1791910, at * 4 (E.D. Cal. Apr. 26, 2013).

4

Case No.: 12-0498 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

United States District Court
For the Northern District of California